IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SEAN SUTTON,<br>Plaintiff,<br><br>v.<br><br>FRANK STRADA, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-01084-JDB-tmp |

ORDER DIRECTING CLERK TO MAIL FORM,
DENYING PENDING MOTIONS,
DISMISSING COMPLAINT WITHOUT PREJUDICE,
AND
GRANTING LEAVE TO AMEND

*INTRODUCTION*

On April 13, 2026, the Plaintiff, Brandon Sean Sutton, Tennessee Department of Correction ("TDOC") prisoner number 476056, an inmate at the Northwest Correctional Complex (the "NWCX") in Tiptonville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) The Court granted him leave to proceed in forma pauperis and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (D.E. 5.) On May 18, 2026, Sutton filed motions to compel discovery, for a jury trial, and for injunctive and declaratory relief. (D.E. 6-8.)

For the reasons explained below, the complaint is DISMISSED WITHOUT PREJUDICE, leave to amend is GRANTED, and the pending motions are DENIED.

The complaint's allegations are difficult to decipher. Plaintiff avers that he "was not allowed to urinate for 3 days due to being denied catheters," that an unidentified person attempted to kill him by "cutting open [his] leg bigger and bigger," and that unidentified individuals are

"practicing bad medicine."[1] (D.E. 1 at PageID 14.) The Court liberally construes the allegations as a claim of deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.[2]

Sutton names as Defendants numerous persons, including the TDOC Commissioner, the NWCX Warden, and various healthcare professionals at the NWCX, all of whom are sued in their individual and official capacities. The relief sought is not specified.

*SCREENING THE COMPLAINT*

A. Legal Standard.

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

---

[1]The inmate also alleges that he is "being illegally detained by the TDOC" and that his sentence is unconstitutional. (D.E. 1 at PageID 13.) According to Sutton, the district attorney withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*) For a state prisoner who challenges "the very fact or duration of his physical imprisonment, and [who] seeks . . . immediate release or a speedier release from that imprisonment[,] [the] sole federal remedy is a writ of habeas corpus." *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (per curiam) (quoting *Preiser v. Rodriguez*, 411 U.S. 474, 500 (1973)). These claims are not cognizable under § 1983. Rather, they must be raised in a 28 U.S.C. § 2254 petition.

[2]The prisoner attaches over 200 pages of exhibits to his pleading, including inmate grievances, handwritten documents titled "medical diagnoses," a handbook from the American Civil Liberties Union discussing a prisoner's right to medical care, and excerpts from medical journals. He asserts that his inmate grievance history is "proof of [NWCX's] past history of ongoing deliberate indifference." (D.E. 1-1 at PageID 17.) He does not, however, explain how the remaining exhibits are relevant to his claim, and the Court has not considered them here. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal district courts "have no obligation to act as counsel or paralegal to pro se litigants").

In assessing whether a complaint states a claim on which relief may be granted, the district court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying these standards, the district court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The district court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) ("a court cannot create a claim which a plaintiff has not spelled out in his pleading").

B. Requirements for Asserting a Claim Under § 1983.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970).

*ANALYSIS*

Sutton names over twenty Defendants in his complaint but makes no factual allegations against any of them. When a complaint fails to allege any action by a particular defendant, it necessarily fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

Because Plaintiff does not reference any specific unconstitutional action by any named Defendant, his § 1983 claims against all Defendants in their individual and official capacities are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

*AMENDMENT UNDER THE PLRA*

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court GRANTS leave to amend the claims dismissed without prejudice within twenty-one days of the date of this order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Plaintiff's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The inmate must sign the amended complaint, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the pleading. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a

separate count and must identify each Defendant sued on that count. If Sutton fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pleaded amended claims with prejudice.

If Plaintiff fails to file an amended pleading within the time specified, the Court will dismiss the complaint with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

*CONCLUSION*

For the reasons explained above:

A. The Clerk is DIRECTED to mail Sutton a form complaint for violation of civil rights under 42 U.S.C. § 1983.

B. Sutton's § 1983 claims against all Defendants in their individual and official capacities are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim on which relief can be granted. *See* §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

C. Leave to amend is GRANTED. Plaintiff may amend his complaint within twenty-one days of the date of this order under the guidelines set forth *supra*.

D. Because Plaintiff has no pending claims, his motions (D.E. 6-8) are DENIED as premature.

E. Plaintiff is ORDERED to notify the Court immediately, in writing, of his current address if he is transferred or released. If he fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 1st day of September 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE