IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRANDON SEAN SUTTON,

Plaintiff,

v. Case No. 1:26-cv-01084-JDB-tmp

FRANK STRADA, *et al.*,

Defendants.

---

ORDER DENYING MOTION FOR EXTENSION OF TIME,
DISMISSING COMPLAINT WITH PREJUDICE,
DENYING ALL OTHER PENDING MOTIONS,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE,
NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

Before the Court is the motion of the pro se Plaintiff, Brandon Sean Sutton, Tennessee Department of Correction prisoner number 476056, an inmate at Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, for an extension of time to file an amended complaint. (Docket Entry ("D.E.") 10.) For the reasons that follow, the motion is DENIED and the complaint is DISMISSED WITH PREJUDICE for failure to prosecute.

Sutton filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that he was denied adequate medical care while confined at NWCX. (D.E. 1.) On September 1, 2026, the Court dismissed the complaint without prejudice and granted Plaintiff leave to file an amended complaint within twenty-one days. (D.E. 9 (the "Screening Order").) The Screening Order

cautioned that, "[i]f Plaintiff fails to file an amended pleading within the time specified, the Court will dismiss the complaint with prejudice and enter judgment." (*Id.* at PageID 267.)

The time for filing the amended complaint expired on Tuesday, September 22, 2026. Plaintiff's motion for an extension of time was filed the following day.[1] (*See* D.E. 10.) Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule to civil actions by pro se prisoners in *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam), a prisoner's legal mail is considered "filed" when he deposits it in the prison mail system to be forwarded to the Clerk via first-class, postage-prepaid mail. Even with the benefit of the prison mailbox rule, Sutton's motion is untimely because it was not filed within the twenty-one-day deadline for filing an amended complaint set forth in the Screening Order. (*See* D.E. 9.)

As a result of Plaintiff's failure to move for an extension of time or file an amended complaint by the deadline, the Court DISMISSES this case WITH PREJUDICE in its entirety. All other pending motions are DENIED. Further, the Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

Judgment will be entered in accordance with the Screening Order.

---

[1]Although Sutton signed his motion for an extension on September 11, 2026, he does not state when he placed his motion in the prison mail system. The envelope used to mail the motion is stamped "NWCX Outgoing Legal Mail" and dated September 23, 2026. (D.E. 10-2.) The envelope was also postmarked on September 23, 2026. (*Id.*) Because Sutton does not state otherwise, the Court presumes that September 23, 2026, is the date that he placed his motion in the prison mail system.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter would not be taken in good faith. Leave to proceed in forma pauperis ("IFP") on appeal is DENIED.

If Plaintiff nevertheless chooses to file a notice of appeal, he must either: (1) pay the entire $605 appellate filing fee or, if he is confined at that time, (2) submit a new IFP affidavit and a current, certified copy of his inmate trust account statement for the last six months in compliance with § 1915(a)-(b).

IT IS SO ORDERED this 30th day of September 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE